# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| ROOSVELT RAPHAEL, | : |
| --- | --- |
| Petitioner | : |
| vs. | : CIVIL NO. 3:CV-09-1300 |
| ERIC HOLDER, et al., | : (JUDGE CAPUTO) |
| Respondents. | : |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

A review of the docket indicates that the above-captioned matter was commenced by the filing of a Petition for Writ of Habeas Corpus on July 8, 2009 by Attorney Orest Bezpalko on behalf of Roosevelt Raphael, an United States Immigration and Customs Enforcement (ICE) detainee. On July 9, 2009, a special admission form (pro hac vice) was sent to Attorney Bezpalko. *See* M.D. Pa. Local Rule 83.8.2, *Pro Hac Vice* Admission. To date, Attorney Bezpalko has not submitted a motion to proceed *pro hac vice* in this matter.

On two separate occasions, without success, administrative members of the Court contacted Attorney Bezpalko's office in effort to obtain his completed special admission form. On December 16, 2009, the Court issued an order to show cause as to why this case should not be dismissed due to Attorney Bezpalko's failure to comply with the Local Rules of Court requiring him to submit his special admission form. To date, Attorney Bezpalko has not responded to the show cause order. As such, Attorney Bezpalko's

repeated failure to comply with this Court's orders constitute a failure to prosecute making this action subject to involuntary dismissal pursuant to Fed. R.Civ.P. 41(b).[1]

It is within the Court's discretion whether to dismiss the action pursuant to Fed. R. Civ. P. 41(b), however, the Court's decision is guided by specific criteria, commonly referred to as the *Poulis* factors. Those factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit of the party's claim. *Poulis v .State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984). It is not necessary that each factor be satisfied for a sanction to be appropriate. See *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003). Rather, the factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal  ...  is reserved for the instances in which it is justly merited." *Poulis,* 747 F.2d at 870.

---

[1] The Rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal order under this subdivision (b) and any dismissal under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ.P. 41(b). This rule, however, does not prohibit *sua sponte* dismissal of actions. See *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")

In this case, an assessment of the *Poulis* factors weighs heavily in favor of dismissing the action without prejudice. The delays in this proceeding are entirely attributable to Attorney Bezpalko who has repeatedly disregarded the rules of this Court, telephone contact from Court staff, as well as our December 16, 2009, Show Cause Order. The prejudice to the adversary in this matter is clear. At this point, given the constantly fluctuating nature of ICE detention, the factual basis of Mr. Raphael's ICE pre-final order detention, as well as his location, is likely to have changed since the filing of the habeas petition some six (6) months ago. Without some input from, or the ability to communicate with, Attorney Bezpalko, requiring the government to respond to the petition is inequitable. The third factor, the history of Attorney Bezpalko's dilatoriness in this matter is well documented. First, he failed to respond to this Court's request to return a properly executed Special Admission Form that was sent to him by the Court to allow him to proceed representing Mr. Raphael in this matter. *See* M.D. Pa. Local Rule 83.8.2, *Pro Hac Vice* Admission. Next, he failed to respond to telephone messages left by Court staff at his office regarding this matter. Finally, Attorney Bezpalko has failed to respond or otherwise communicate with the Court after issuance of our December 16, 2009, Order. Consideration of the fourth *Poulis* factor also favors dismissal in this case as it is clear given Attorney Bezpalko's repeated disregard for the rules and orders of this Court. Attorney Bezpalko's actions, or in this case, inactions, compels the Court to conclude that they are not accidental or inadvertent but instead reflect an intentional disregard for the Court's instructions. The fifth *Poulis* factor, the availability of alternative sanctions, also weighs in favor of dismissal without prejudice. The Court's traditional attempts to get Attorney Bezpalko's attention focused on this matter have been unsuccessful. At this

point, six months after the filing of the habeas petition, the case cannot proceed as Attorney Bezpalko cannot file pleadings on his client's behalf as he is neither admitted to this Court, nor admitted to try this particular case *pro hac vice.*

Finally, as for the meritoriousness of Mr. Raphael's claim, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Such a determination cannot be definitively made based solely on the Petition. However, the Court relying strictly on the Petition cites the following. Roosevelt Raphael, a native of Haiti, at the time of filing the petition was housed at the York County Prison. (Doc. 1, Pet.) On January 8, 2009, the Department of Homeland Security charged Mr. Raphael under Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA) alleging he was removable due to two convictions involving moral turpitude. (*Id*.) On January 27, 2009, Mr. Raphael, represented by Attorney Bezpalko, appeared before an Immigration Judge (IJ) to enter into pleadings on the Notice to Appear. A master calendar hearing was then held on May 19, 2009. At the conclusion of the hearing, the IJ determined that one of the two convictions did not present a crime involving moral turpitude.[2] (*Id*. at ¶ 14.) The hearing was terminated and the government reserved the right to file an appeal with the Board of Immigration Appeals (BIA). The government filed their appeal with the BIA on May 22, 2009. At the time the habeas petition was filed, the BIA had issued a briefing schedule. (*Id*. at ¶ 17.) Mr. Raphael is challenging his ICE

---

[2] The IJ found that the crime of retail theft under Pennsylvania law did constitute a crime involving moral turpitude while the offense of false identification to a law enforcement officer did not. (*Id* at Exhibit A.)

-4-

detention without the ability for a bond or other form of conditional release pending the outcome of the government's appeal as a violation of his due process rights.

The arrest, detention, and release of aliens who are the subject of pending removal proceedings are governed by 8 U.S.C. § 1226. Section 1226 authorizes detention of aliens "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Detention is made mandatory for certain inadmissible or criminal aliens, including those charged with a crime of moral turpitude. *See* 8 U.S.C. § 1226(c). The United States Supreme Court held in *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution. In this instance, it does not appear that Mr. Raphael's detention during his removal proceedings constitute an unreasonable or indefinite period of detention. At the time of the submission of the habeas petition, an active appeal regarding his removal was before the BIA.[3] As such, Mr. Raphael's ability to successfully challenge his pre-final order detention, when at least one of the two offenses charge constitutes a crime of moral turpitude, is unlikely as his detention is not indefinite but rather defined by the pending the outcome of the appeal process.

It is clear when balancing the *Poulis* factors, while no single factor is dispositive, *Ware*, 322 F.3d at 222, and not all of the factors need to be satisfied in order to dismiss the complaint, dismissal of this case without prejudice is appropriate. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Following a full analysis of the *Poulis* factors, the

---

[3] The present day status of the government's appeal is unknown. As such, the Court cannot definitively determine the meritoriousness of his claim.

majority of the six factors weigh heavily in favor of dismissal of the action for failure to prosecute.[4]

**NOW, THIS  12th   DAY OF JANUARY, 2009, IT IS HEREBY ORDERED THAT:**

1. This case is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) due to Attorney Bezpalko's failure to prosecute this matter.

2. The Clerk of Court is directed to close this case.


                    **/s/ A. Richard Caputo**
                    **A. RICHARD CAPUTO**
                    **United States District Judge**

---

[4] Given Attorney Bezpalko's established attorney-client relationship with Mr. Raphael, the Court cannot sever the same, and thus has no other alternative than dismiss the action without prejudice due to Attorney Bezpalko's failure to prosecute. However, if still in ICE custody, Mr. Raphael may refile his habeas petition, pro se, without prejudice.